UNITED STATES DISTRICT COURT 
 SOUTHERN DISTRICT OF NEW YORK 
 MANHATTAN DIVISION 
 ZURU INC., 
 Plaintiff, 
 v. CASE NO.: 1:23-cv-03146-LGS 
 THE INDIVIDUALS, PARTNERSHIPS 
 AND UNINCORPORATED 
 ASSOCIATIONS IDENTIFIED ON 
 SCHEDULE “A”, 
 Defendants. 
 [xpxrxoxpxxoxsxexd] ORDER GRANTING EX PARTE APPLICATION FOR ENTRY OF 
 TEMPORARY RESTRAINING ORDER 
 This matter is before the Court on Plaintiff’s Ex Parte Application for Entry of 
 Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets 
 (Doc. __), filed under 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, and The All Writs 
 Act, 28 U.S.C. § 1651(a), by Plaintiff, ZURU INC. (“ZURU” or “Plaintiff”).
 Plaintiff asks the Court to enter a Temporary Restraining Order and an order restraining 
 the financial accounts used by Defendants. As discussed below, Plaintiff has satisfied the 
 requirements for issuance of a Temporary Restraining Order. 
 BACKGROUND 
 The following factual background is taken from Plaintiff’s Complaint (Doc. 1), the 
Plaintiff's 
allegations Application, and supporting evidentiary submissions and exhibits. 
are assumed 
to be true Plaintiff created and sells a unique product consisting of a group of water fillable 
solely for the 
purpose of balloons, removably attached to hollow tubes, connected to a housing, that allow all the balloons 
adjudicating 
its request be filled at the same time, in a few seconds (also known as water balloons and/or Bunch O 
for this 
Balloons), under different federally registered trademark(s), including among them: 4709630 
BUNCH O BALLOONS, 6086014 BUNCHO and 4928737 FILL AND TIE UP TO 100 
WATER BALLOONS IN 60 SECONDS! (collectively the “BoB Marks”). The BoB Marks are 
used in connection with the manufacture and distribution of Plaintiff’s high-quality and unique 
water balloons. (Xu Decl. ¶ 10). 

Plaintiff is the U.S. exclusive licensee of all rights in and to the BoB Marks in class 28 
that are the subject of this action from ZURU (Singapore) PTE, Ltd, registered on Principal 
Register of the United States Patent and Trademark Office and shown in Composite Exhibit 1 to 
the Complaint in this action. (Xu Decl. ¶¶ 3, 7). 
Plaintiff alleges that Defendants, through individual seller stores operating via 
Aliexpress.com and Amazon.com under their seller identification names identified on Schedule 
“A” to the Complaint in this action (the “Seller IDs”), have advertised, promoted, offered for 
sale, or sold goods bearing or using what Plaintiff has determined to be counterfeits, 
infringements, reproductions and/or colorable imitations of the BoB Marks. (Xu Decl. ¶¶ 15-17; 

Rothman Decl. ¶¶ 13-17). 
Defendants are not now, nor have they ever been, authorized or licensed to use, 
reproduce, or make counterfeits, reproductions, or colorable imitations of the BoB Marks (Xu 
Decl. ¶¶ 22, 50). 
Plaintiff investigated the promotion and sale of counterfeit and infringing versions of 
Plaintiff’s products by Defendants and to obtain the available payment account data for receipt of 
funds paid to Defendants for the sale of counterfeit versions of Plaintiff’s merchandise through 
the Seller IDs. (Xu Decl. ¶ 15; Rothman Decl. ¶¶ 13-17). 
Plaintiff or someone under its supervision accessed the individual seller stores at 
Aliexpress.com and Amazon.com operating under Defendants’ Seller IDs. Plaintiff or someone 
under its supervision created detailed web page captures and images of the products using BoB 
Marks (Xu Decl. ¶¶ 25; Rothman Decl. ¶¶ 16, 17). Plaintiff added products to the online 
shopping cart, proceeded to a point of checkout, requested the products be shipped to addresses 

in the United States, and otherwise actively exchanged data with each individual seller store and. 
(Xu Decl. ¶ 19). 
Plaintiff or someone under its supervision reviewed and visually inspected the products 
and determined the products were non-genuine, unauthorized versions of Plaintiff’s products. 
(Xu Decl. ¶ 25). 
On April 14, 2023, Plaintiff filed its Complaint (Doc. 1) against Defendants for federal 
trademark counterfeiting and infringement, false designation of origin, common law unfair 
competition, common law trademark infringement. 
 26 
On April 2xx5, 2023, Plaintiff filed its Ex Parte Application for Entry of a Temporary 
Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets. (Doc. _1_7_). 
 LEGAL STANDARD 
To obtain a Temporary Restraining Order, a party must demonstrate (1) a substantial 
likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not 
granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-
movant; and (4) that entry of the relief would serve the public interest. Benihana, Inc. v. 
Benihana of Tokyo, LLC, 784 F.3d 887, 895 (2d Cir. 2015). 
Additionally, Fed. R. Civ. P. Rule 65 provides that: 
The court may issue a temporary restraining order without written or oral notice 
to the adverse party of its attorney on if: 
(A) specific facts in an affidavit or a verified complaint clearly show that
immediate and irreparable injury, loss, or damage will result to the movant before
the adverse party can be heard in opposition; and 
(B) the movant’s attorney certifies in writing any efforts made to give notice
and the reasons why it should not be required. 
Fed. R. Civ. P. 65(b)(1). 
Ex parte temporary restraining orders “should be restricted to serving their underlying 
purpose of preserving the status quo and preventing irreparable harm just so long as is necessary 
to hold a hearing, and no longer.” Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck 
Drivers Local No. 70, 415 U.S. 423, 439 (1974). 
 DISCUSSION 
Based on Declarations submitted in support of Plaintiff’s Motion, the Court concludes 
that Plaintiff has a strong probability of proving at trial that consumers are likely to be confused 
by Defendants’ advertisement, promotion, sale, offer for sale, or distribution of goods bearing or 
using counterfeits, reproductions, or colorable imitations of one or more of the BoB Marks, that 
the products Defendants are selling and promoting for sale are copies of Plaintiff’s products that 
bear copies of the BoB Marks, and that the infringement of the BoB Marks will likely cause 
Plaintiff to suffer immediate and irreparable injury if a Preliminary Injunction is not granted. 
The following specific facts, as set forth in Plaintiff’s Complaint, the Motion, and 
accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury 
will result to Plaintiff and to consumers before Defendants can be heard in opposition unless 
Plaintiff’s request for ex parte relief is granted: a) Defendants own or control individual seller 
stores via Aliexpress.com and Amazon.com operating under their Seller IDs which advertise, 
promote, offer for sale, and sell products bearing or using counterfeit and infringing trademarks 
in violation of Plaintiff’s rights; b) there is good cause to believe that more counterfeit and 
infringing products bearing or using Plaintiff’s trademarks will appear in the marketplace, that 
consumers are likely to be misled, confused, or disappointed by the quality of these products, and 
that Plaintiff may suffer loss of sales for its genuine products; and c) there is good cause to 

believe that if Plaintiff proceeds to put Defendants on notice of this Application, Defendants can 
easily and quickly transfer or modify e-commerce store registration data and content, change 
payment accounts, redirect consumer traffic to other seller identification names, and transfer 
assets and ownership of the Seller IDs, thereby thwarting Plaintiff’s ability to obtain meaningful 
relief. 
The potential harm to Defendants in restraining their trade in counterfeit and infringing 
branded goods if a Temporary Restraining Order is issued is far outweighed by the potential 
harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality 
products, if such relief is not issued. The public interest favors issuance of the Temporary 

Restraining Order to protect Plaintiff’s trademark interests and protect the public from being 
defrauded by the palming off of counterfeit goods as Plaintiff’s genuine goods. Further, under 15 
U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits 
gained through Defendants’ distribution and sales of goods bearing counterfeits and 
infringements of Plaintiff’s trademarks. See Klipsch Grp., Inc. v. Big Box Store Ltd., 2012 WL 
4901407, *2 (S.D.N.Y. Oct. 11, 2012). 
In light of the inherently deceptive nature of the counterfeiting business, and the 
likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to 
believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this 
Court unless those assets are restrained. 
Accordingly, the Court, having considered the Motion, and having found good cause, it is 
ORDERED that the Motion is GRANTED, and a Temporary Restraining Order is entered as 
follows: 

 TEMPORARY RESTRAINING ORDER 
1. Each Defendant, its officers, directors, employees, agents, subsidiaries,
distributors, and all persons in active concert or participation with any Defendant having notice 
of this Order are hereby restrained and enjoined until further Order of this Court:
 a. From manufacturing, importing, advertising, promoting, offering to sell,
selling, distributing, or transferring any products bearing or using the BoB Marks, or any 
confusingly similar trademarks, other than those actually manufactured or distributed by 
Plaintiff; and 
 b. From secreting, concealing, destroying, selling off, transferring, or

otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, 
bearing and/or using the BoB Marks, or any confusingly similar trademarks; or (ii) any 
evidence relating to the manufacture, importation, sale, offer for sale, distribution, or 
transfer of any products bearing and/or using the BoB Marks, or any confusingly similar 
trademarks; or (iii) any assets or other financial accounts subject to this Order, including 
inventory assets, in the actual or constructive possession of, or owned, controlled, or held 
by, or subject to access by, any Defendant, including, but not limited to, any assets held 
by or on behalf of any Defendant; 
2. Each Defendant, its officers, directors, employees, agents, subsidiaries,
distributors, and all persons in active concert or participation with any Defendant having notice 
of this Order shall immediately discontinue, until further Order of this Court, the use of the BoB 
Marks, on or in connection with all individual seller stores owned and operated, or controlled by 
them at Aliexpress.com and Amazon.com under the Seller IDs. This order is limited to the 

Defendants’ listings using the BoB Marks, on or in connection with all individual seller stores 
owned and operated, or controlled by them at Aliexpress.com and Amazon.com under the Seller 
IDs, and does not apply to the Defendants’ entire e-commerce stores. 
3. Each Defendant, its officers, directors, employees, agents, subsidiaries,
distributors, and all persons in active concert or participation with any Defendant having notice 
of this Order shall immediately discontinue, until further Order of this Court, the use of the BoB 
Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other 
markers within website source code, from use on any webpage at Aliexpress.com and 
Amazon.com (including as the title of any web page), from any advertising links to other 

websites, from search engines’ databases or cache memory, and any other form of use of such 
terms that are visible to a computer user or serves to direct computer searches to individual seller 
stores registered, owned, or operated by any Defendant at Aliexpress.com and Amazon.com 
under the Seller IDs. 
4. Each Defendant shall not transfer ownership of the Seller IDs during the
pendency of this action, or until further order of the Court. 
5. Each Defendant shall continue to preserve copies of all computer files relating to
the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files 
relating to the use of the Seller IDs that may have been deleted before the entry of this Order.
6. Upon receipt of notice of this Order, Defendants and all financial institutions,
payment processors, banks, escrow services, money transmitters, or marketplace platforms, 
including but not limited to, Alipay, Amazon Payments, Inc. (“Amazon”), PayPal Holdings, Inc. 
(“PayPal”), Payoneer, Inc. (“Payoneer”), Stripe, Inc. and/or Stripe Payments Company 
(“Stripe”) and their related companies and affiliates shall, to the extent not already done, (i) 

immediately identify all financial accounts and/or sub-accounts, associated with the individual 
seller stores at Aliexpress.com and Amazon.com operating under the Seller IDs, store numbers, 
infringing product numbers, and/or the e-mail addresses identified on Schedule “A” to the 
Complaint, as well as any other accounts of the same customer(s); (ii) identify all other accounts 
which transfer funds into the same financial institution account(s) or any of the other financial 
accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing 
account activity, held or received for their benefit or to be transferred into their respective 
financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert 
those restrained funds to a holding account for the trust of the Court. 

7. Upon receipt of notice of this Order, Defendants and all financial institutions,
payment processors, banks, escrow services, money transmitters, or marketplace platforms 
receiving notice of this Order, including but not limited to Alipay, AliExpress, Amazon, PayPal, 
Payoneer, Stripe, and their related companies and affiliates, shall further, to the extent not 
already done, provide Plaintiff’s counsel with all data that details: (i) an accounting of the total 
funds restrained and identify the financial account(s) and sub-account(s) which the restrained 
funds are related to; (ii) the account transactions related to all funds transmitted into the financial 
account(s) and sub-account(s) which have been restrained; (iii) the historical sales for the 
Defendants’ listings that are alleged to infringe Plaintiff’s trademarks, copyrights and patent; and 
(iv) the true identities along with complete contact information including email addresses of all
Defendants. 
8. No funds restrained by this Order shall be transferred or surrendered by any
Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or 
marketplace website, including but not limited to, Alipay, Amazon, PayPal, Payoneer, Stripe, 

and their related companies and affiliates for any purpose (other than pursuant to a chargeback 
made pursuant to their security interest in the funds) without the express authorization of this 
Court. 
9. No Defendant whose funds are restrained by this Order may transfer said funds in
possession of any financial institution, payment processor, bank, escrow service, money 
transmitter, or marketplace website, including but not limited to Alipay, Amazon, PayPal, 
Payoneer, Stripe, and their related companies and affiliates restrained by this Order to any other 
financial institution, payment processor, bank, escrow service, money transmitter or marketplace 
website without the express authorization of this Court. 

10. Any Defendant or financial institution account holder subject to this Order may
petition the Court to modify the asset restraint set out in this Order. 
11. This Order shall apply to the Seller IDs, associated individual seller stores at
Aliexpress.com and Amazon.com websites, and any other seller identification names, e-
commerce stores, websites, or financial accounts which are being used by Defendants for the 
purpose of counterfeiting the BoB Marks. 
12. This Order shall remain in effect until the date for the hearing on the Motion for
 May 10, 2023. 
Preliminary Injunction set forth below, xoxrx uxnxxtixlx sxuxcxhx xfxuxrxthxexrx xdxaxtxexsx axsx xsexxt xbxyx xthxex xCxxoxuxrxt xor 
sxtxipxuxlxaxtxexdx xbxyx txhxex xpxaxrxtixexsx. 
 BOND TO BE POSTED 
13. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c),
Plaintiff shall post a bond in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), 
as payment of damages to which Defendants may be entitled for a wrongful injunction or 
restraint, during the pendency of this action, or until further Order of the Court, and in the 

Court’s discretion, the bond may be subject to increase should an application be made in the 
interest of justice. 
 PRELIMINARY INJUNCTION 
14. A (telephonic/rxexmxxoxtxex vxixdxexox/xixnx pxxexrsxoxnx) hearing is set before this Court ixnx xthxex
 May 10, 2023, at 4:45 P.M. 
Uxxnxixtexdx xSxtxaxtxexsx Cxxoxuxrxthxxoxuxsxex lxoxcxaxtxexdx xaxt x[xINxxSxExxRxTxx AxxDxxDxRxxExSxSxx] on [IxNxxSxExRxxTx xDxxAxTxxEx xAxNxxDxx TxxIxMxE], at 
which time Defendants and/or any other affected persons may challenge the appropriateness of 
this Order and move to dissolve the same and at which time the Court will hear argument on 
Plaintiff’s requested Preliminary Injunction. 
15. [xIxFx xBxYxx xTxExLxxExPxxHxOxxNxxEx]x [xIxnx xlixgxhxtx oxxf xtxhxex oxnxxgxoxixnxgx CxxOxxVxIxDxx-1xx9x pxxaxnxdxexmxxicx,x xfoxrx xthxxisx
 888-363-4749;
 access code
hxxexaxrixnxgx,x xthxex xpxaxrxtxiexsx xsxhxaxllx xaxpxpxexaxrx bxyxx txexlxexpxhxoxnxe. Counsel and/or parties shall call txhxex xtoxlxlx-fxrxexe 
 558-3333 
nxuxmxxbxexrx x[xINxxSxExxRxTxx NxxUxxMxxBxExxRx xAxNxxDxx AxxCxCxxExSxxSx xCxOxxDxExx]x fxrxoxmxx ax xlaxxnxdxlixnxex xpxhxoxnxe five (5) minutes 
prior to the start of the hearing and enter the access code provided followed by the pound (#) 
sign; to bypass the security code, press the star key (*); and state your name, the name of the 
party you represent, and enter the conference. 
16. After Plaintiff’s counsel has received confirmation from the financial institutions
regarding the funds restrained as directed herein, Plaintiff shall serve copies of the Complaint, 
Application, and this Order, on each Defendant bxxyx ex-xmxxaxixl xaxnxdx/xoxrx oxnxxlixnxex xcxoxnxtxaxcxt xfxoxrxmx xoxrx oxxthxexr 
mxxexaxnxsx xoxfx exlxexcxtxroxxnxicx xcxoxnxtxaxcxtx pxrxoxvxixdxexdx xoxnx xtxhxex ixnxdxixvxixdxuxaxlx sxexlxlexrx xsxtoxrxexsx xaxt xAxxlixexxxpxrxexsxsx.cxoxxmx xaxnxdx 
Axxmxaxzxxoxnx.cxoxxmx xoxpxexrxaxtxinxxgx uxnxxdxexr xtxhxex Sxxexllxexrx IxDxxsx, xoxrx bxxyx pxrxoxvxxidxixnxgx xax cxxoxpxyx xoxf xtxhxisx xOxxrdxxexr xbxyx xex-xmxaxixlx txox 
Axxmxxaxzxoxnx xfxoxrx exaxcxhx xoxfx txhxex xSxexlxlexrx xIxDxsx xsxox txhxaxtx txhxex xmxxaxrkxxextpxlxaxcxex xpxlaxtxfxoxrxmxx, xinxx txuxrxnx, xnxoxtxixfixexsx xexaxcxh 
Dxxexfxexnxdxaxnxtx xoxfx txhxex xOxrxdxexrx,x oxrx xbxyx oxxthxexrx xmxxexaxnxsx rxexaxsxoxnxaxbxlxyx xcxaxlxcxuxlaxtxexdx xtoxx gxixvxex xnxoxtxicxex xwxxhxicxhxx ixs 
pxexrxmxxitxtexxdx bxyxx txhxex xCxoxuxrxt. 
x1x7x.xxxxPxxlaxixnxtxifxfx xshxxaxllx xpxoxsxt xcxoxpxixexsx oxxf xtxhxex Cxxoxmxxpxlxaxinxtx,x txhxex xAxpxpxxlixcxaxtxioxnxx, xthxixsx xOxrxdxexrx,x axsx xwxexlxlx axsxx

xaxlxl xoxtxhxexrx dxoxcxuxxmxexnxxtsx xfixlxexdx xinx xtxhxisx xaxcxtxioxnx xoxnx xtxhxex wxxexbxsxixtex xlxoxcxaxtexdxx axtx wxxwxxwx.xsxrxipxlxaxwxx.cxoxxmx/xnxoxtxixcxex axnxdx 
sxhxaxlxlx pxrxoxvxixdxex xtxhxex axdxdxxrexsxsx xtoxx txhxex xwxexbxsxixtxex txox xthxex xDxxexfexnxxdxaxnxtxs xvxixax ex-xmxxaxixl/xoxnxlxixnxex cxoxxnxtaxcxtx xfoxxrmxx,x axxnxxdxx x
xsxuxcxhx nxxoxtixcxex xsxox gxixvxexnx xsxhxaxlxl xbxex xdxexexmxxexdx gxxoxoxdx xaxnxdx xsuxxffxixcxiexnxxt xsxexrxvxicxex xtxhxexrxexof. 
18. Plaintiff shall continue to provide notice of these proceedings and copies of the
documents on file in this matter to Defendants bxxyx rxexgxuxlxaxrxlyxx uxpxdxxaxtixnxgx xthxxex wxxexbxsxixtex xlxoxcxaxtexdxx axt 
wxxwxxwx.xsxrxipxlxaxwxx.cxoxmxx/xnxoxtxicxexx, xoxrx bxyx xoxtxhxexrx mxxexaxnxsx xrxexaxsxoxnxaxbxlxyx cxaxlxcxuxlxaxtxexdx txox xgxixvxex nxoxxtixcxex xwxhxixcxhx xis 
xpxexrxmxixtxtexdx xbxyx xtxhxex Cxxoxuxrt. 
1x9xx.xxxxAxxdxdxixtixoxnxaxlxlxyx, xfxoxrx txhxex xpxuxrxpxoxsxex xoxf xpxrxoxvxixdxixnxgx xaxdxdxixtixoxnxaxlx nxxoxtixcxex xoxfx txhxixs xpxrxoxcxexexdxixnxgx,
axnxxdx axlxlx oxtxhxexrx xpxlexaxdxxinxgxxs,x xoxrxdxexrsx,x xaxnxdx dxxoxcxuxmxxexnxtxs xfxilxexdx xhxexrxexinxx, xthxxex oxwxxnxexrxsx, xoxpxexrxaxtxoxrxsx axnxdx/xor 

axdxxmxixnxixsxtrxaxtxoxrxsx oxfx xAxlxixExxxpxrxexsxsx xaxnxdx Axxmxxaxzxoxnx.xcxoxmxx, xaxnxdx/xoxrx xfixnxaxnxcxixaxlx ixnxsxtxitxuxtxioxnxxs,x xpxaxyxmxxexnxtx pxrxoxcxexsxsxoxrxs, 
bxxaxnxkxsx, xexsxcxrxoxwxx sxexrxvxixcxexsx, xmxxoxnxexyx xtrxaxnxsxmxxitxtxexrxs,x xaxnxdx xmxaxrxkxextxpxlxaxcxex pxxlaxtxfxoxrxmxsx,x ixnxcxlxuxdxixnxgx xbxuxtx nxoxxt xlixmxxitxexdx x
txox xAxlxipxxaxyx, xAxxlixExxxpxxrexsxsx.xcxoxmxx, xAxxmxaxzxoxxnx.cxoxxmx,x Ixnxcx.x,x PxaxyxxPxaxlx Hxxoxlxdxinxxgxsx, xIxnxcx. x(x“xPxaxyxPxaxlx”x)x, xPxaxyxoxxnxexexrx, xIxnxc. 
x(“xPxxaxyxoxnxexexrx”x)x, x xSxtrxixpxex,x Ixnxcx.x axnxdxx/oxrx xSxtxrixpxex xPxaxyxmxxexnxtxsx Cxxoxmxxpxaxnxyx x(x“xSxtxrixpxex”x)x,x axnxdxx txhxexixr xrxexlaxtxexdx 
cxoxxmxpxxaxnxiexsx xaxnxdx xaxfxfixlxiaxtxexsx sxhxxaxllx, xaxtx Pxxlaxixnxtxifxfx’xs xrxexqxuxexsxtx, xpxrxoxvxixdxex xPxlaxixnxtxixffx’xsx cxoxxuxnxsxexl xwxxitxhx xaxnxyx xex-mxxaxixl 
axdxdxxrexsxsx xkxnxoxwxxnx xtox xbxex xaxsxsxoxcxiaxtxexdx xwxxitxhx xDxexfxexnxdxaxnxxtsx’x rxexsxpxexcxtxixvxex Sxxexllxexrx IxDxxs. 
20. Defendants shall have five (5) business days to comply with this Temporary
Restraining Order following notice. 
 21. Any response or opposition to Plaintiff's Motion for Preliminary Injunction must 
be filed and served on Plaintiff's counsel by [PATER FOROPPESPPPON], May 5, 2023 

 22. Plaintiff shall file any reply to memorandum on or before [DADRRORRERIY]. May 8, 2 

 23. The above dates may be revised upon stipulation by all parties and approval of 
this Court. 
 24. Defendants are hereby on notice that failure to appear at the hearing may result in 
the imposition of a Preliminary Injunction against them pursuant to 15 U.S.C. § 1116(d), 17 
USS.C. § 502, 35 U.S.C. § 283, Federal Rule of Civil Procedure 65, The All Writs Act, 28 U.S.C. 
§ 1651(a), and this Court’s inherent authority. 
 DONE AND ORDERED in “NeW York | New York, this 27 day of APril, 2023. 

 UNITED STATES DISTRICT JUDGE 

 12